Paul S. Seabrook - SBN: 296286
Seabrook Law Offices
2055 Junction Ave. Ste. 138
San Jose, CA 95131
Ph: 408-879-9039
E-mail: bankruptcy@seabrooklawoffices.com

Attorney for Debtor(s)
RICHARD RIVERA AND JULIE GONZALES-RIVERA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>RICHARD RIVERA AND JULIE GONZALES-RIVERA<br><br>Debtor(s). | Case No.: 18-50604-MEH<br><br>CHAPTER 13<br><br>**MOTION TO VALUE COLLATERAL UNDER 11 USC §506(a)(1)**<br><br>Hearing Date: August 16, 2018<br>Hearing Time: 9:30 a.m.<br>Location: 280 S. First St., Courtroom 3020<br>San Jose, CA 95113<br><br>Judge: Hon. M. Elaine Hammond |

**MOTION TO VALUE COLLATERAL**

DEBTORS, RICHARD RIVERA AND JULIE GONZALES-RIVERA, HEREBY MOVES the Court for an order that 140 College Rd., Watsonville, CA 95076, the collateral securing Aspen G, LLC'S second mortgage, was worth less than the total of the senior liens on said collateral on the date the Debtors filed this Chapter 13, by making finding that the following facts are true:

///

///

///

**STATEMENT OF FACTS**

1. The Debtors filed this Chapter 13 Bankruptcy on March 20, 2018.

2. The Debtors own real property located at 140 College Rd., Watsonville, CA 95076 ("The Property"). At the time of the filing of the Chapter 13 bankruptcy petition, The Property was encumbered by a senior Deed of Trust held by JP Morgan Chase Bank in the amount of $427,223.00 (see **Exhibit A** to Declaration of Debtor in Support of Motion to Value Collateral, Proof of Claim filed by JP Morgan Chase Bank).

3. The property was also encumbered by a junior lien held by Aspen G, LLC in the amount of $279,326.35 (see **Exhibit B** to Declaration of Debtor in Support of Motion to Value Collateral, Aspen G, LLC's Proof of Claim in this case). No proof of claim has been filed on behalf of this creditor.

4. Property Taxes are current.

5. The value of the property is **$415,000** (see **Exhibit C** to Declaration of Debtor in Support of Motion to Value Collateral, a recent appraisal of the property value).

6. The value of the property is less than what is owed to the holder of the senior Deed of Trust. Therefore, due to a lack of equity, the Creditor's junior lien is entirely unsecured.

7. This motion is based upon Declaration of Debtor in Support of Motion to Value Collateral, filed and served herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.** A junior mortgage (e.g. 2nd or 3rd mortgage) on a Chapter 13 debtor's real property may be paid off and discharged as an <u>entirely unsecured debt</u> if the real property is worth less than the total of the senior liens on said real property. This is based upon the reasoning that there is no value at all (above senior liens) securing the junior mortgage. <u>Zimmer vs. PSB Lending Corporation (In re Zimmer), 313 F.3d 1220 (9th Cir.2002).</u>

However, junior mortgages on the debtor's <u>residence</u> must be paid in full as fully secured debts if there is any value at all above the senior liens (i.e. the junior mortgage is partially secured) by even one cent.

If the Chapter 13 debtor completes his/her plan and obtains a discharge, all unsecured claims are considered paid in full and discharged even though the percent offered to, and paid to, the unsecured creditors may be less than 100 cents on the dollar. Therefore, a junior mortgage holder who is paid off and discharged as an entirely unsecured creditor loses its lien once the discharge is entered and must record a re-conveyance of its trust deed (mortgage). If the Chapter 13 is dismissed prior to discharge, the junior lien is not eliminated.

In the case at bar, the unsecured creditors have been offered (zero) cents on the dollar. The amount (percent) a debtor must pay to unsecured creditors is based upon his/her excess income and/or non-exempt property. The question of what percent must be paid to unsecured creditors is based upon his/her excess income and/or non-exempt property. The question of what percent must be paid to unsecured creditors is an issue regarding plan confirmation and not an issue regarding a motion to value collateral.

## II. UNDER CALIFORNIA LAW THE DEBTOR IS QUALIFIED TO TESTIFY AS TO THE VALUE OF THEIR RESIDENTIAL PROPERTY

A landowner is competent to testify as to the value of his property without any other qualification. In re Gbadebo, 431 B.R. 222, 225 (Bankr. N.D. Cal. 2010). California law also states that California landowners are qualified to testify as to the value of their land, see California Evidence Code §813.

## III. BECAUSE THE VALUE OF THE SENIOR LIEN ON THE RESIDENCE IS GREATER THAN THE VALUE OF THE DEBTOR'S RESIDENCE THE JUNIOR LIEN IS WHOLLY UNSECURED

The senior lien on the property amounts to $427,233.00. The declaration of the Debtor, along with the supporting evidence, indicates that the property is worth **$415,000**. Because the property is worth less than the amount of the senior lien on the property, Creditor's junior lien is wholly unsecured.

# CONCLUSION

Because the value of the property is less than the senior lien on the property, the junior lien is wholly unsecured and may be voided and stripped off after completion of the Debtor's Chapter 13 plan.

Dated: July 16, 2018

                                         _/s/ Paul Seabrook_
                                         Paul Seabrook
                                         Attorney for Debtor(s)