Kristin Zilberstein, Esq. (200041)
Jennifer R. Bergh, Esq. (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: kzilberstein@ghidottilaw.com

Attorneys for Creditor
Aspen G LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 18-50604 |
| Richard John Rivera, Jr., and Julie Gonzales-Rivera | Chapter 13 |
| Debtors. | **OPPOSITION OF ASPEN G LLC TO DEBTORS' MOTION TO VALUE REAL PROPERTY, TREAT CLAIMS AS UNSECURED AND AVOID JUNIOR LIEN OF ASPEN G LLC** |
| | Honorable M. Elaine Hammond |
| | DATE: August 16, 2018
TIME: 9:30 a.m.
CTRM: 3020
PLACE: U.S. Bankruptcy Court
    280 South First Street
    San Jose, CA 95113-3099 |

//
//
//

TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HER ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, NANCY K. CURRY:

**COMES NOW** Aspen G LLC ("**Creditor**"), a secured creditor of the above-named Debtors, and files the within Opposition to the Motion ("**Opposition**") of Debtors Richard John Rivera, Jr., and Julie Gonzales-Rivera ("**Debtors**") to Value Real Property, Treat Claims as Unsecured and Avoid Junior Lien of Aspen G LLC (the "**Motion**").

## STATEMENT OF FACTS

1. On or about July 16, 2007, Debtors, for valuable consideration, made, executed and delivered to National City Bank, an Equity Reserve Agreement (the "**Note**") in the principal sum of $200,300.00 (the "**Loan**"). A true and correct copy of the Note is attached as **Exhibit "A"** and incorporated herein.

2. Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers the real property commonly known as 140 College Road, Watsonville, CA 95076; (the "**Property**") dated July 16, 2007 and recorded on July 24, 2007 as Document No. 2007-0040344 in the Official Records of Santa Cruz County, California, naming National City Bank as Beneficiary. A true and correct copy of the Deed of Trust is attached as **Exhibit "B"** and incorporated herein.

3. All right, title, and interest in the Note and Deed of Trust was thereafter assigned from PNC Bank National Association, successor by merger to National City Bank to US Mortgage Resolution LLC, as evidenced by an Assignment of Deed of Trust, recorded on May 21, 2015, in the Official Records of Santa Cruz County, California as Document No. 2015-0019767 ("**First Assignment**"). A true and correct copy of the First Assignment is attached as **Exhibit "C"** and incorporated herein.

4. All right, title, and interest in the Note and Deed of Trust was thereafter assigned

from US Mortgage Resolution to Trinity Financial Services LLC, as evidenced by a Corporate Assignment of Deed of Trust recorded on May 21, 2015 in the Official Records of Santa Cruz County, California as Document No. 2015-0019783 ("**Second Assignment**").  A true and correct copy of the Second Assignment is attached as **Exhibit "D"** and incorporated herein.

5. All right, title, and interest in the Note and Deed of Trust was assigned transferred from Trinity Financial Services to Aspen G, LLC, as evidenced by a Corporate Assignment of Deed of Trust recorded on May 21, 2015 in the Official Records of Santa Cruz County, California as Document No. 2015-0019761 ("**Third Assignment**").  A true and correct copy of the Third Assignment is attached as **Exhibit "E"** and incorporated herein.

6. Creditor holds all right, title and interest in the Note and Deed of Trust.

7. On or about November 3, 2016, Debtors filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Petition No.: 16-52851.

8. On or about December 12, 2016, Debtors filed a Motion to Value Collateral and Avoid Creditor's Lien.

9. Debtors represented that there was a senior lien encumbering the Property in favor of Chase Mortgage in the amount of $422,696.52.

10. Debtors asserted that the Property value was $250,000.00, based on Debtor's Declaration and the Appraisal conducted by Thomas Melville, effective July 30, 2016.

11. On March 1, 2017, Creditor filed a declaration of Eric B. Mould, and attached an Appraisal completed by Eric B. Mould.  A true and correct copy of the Declaration and Appraisal is attached hereto as **Exhibit "F"** and is incorporated herein.

12. On August 30, 2017, a hearing took place on the first Motion to Value.

13. On October 27, 2017 an order was entered denying Debtor's Motion to Value. A true and correct copy of the Order is attached hereto as **Exhibit "G"**.

14. The Order on the Motion to Value provides that the value of the Property is $434,856.00.

15. Debtor's First Petition was thereafter dismissed.

16. On March 20, 2018, Debtor filed a Second Bankruptcy Petition, Petition No.: 18-50604 (the "**Instant Petition**")

17. In connection to the Instant Petition Chase Bank filed a Proof of Claim showing a total claim in the amount of $427,223.00.

18. On July 16, 2018, Debtor filed a Second Motion to Value.

19. Debtor now argues that the value of the Property is $415,000.00 as of March 3, 2018.

# I.

# ARGUMENT

### A. DEBTOR'S CONTENTIONS ARE BARRED BY COLLATERAL ESTOPPEL AND RES JUDICATA

Debtor previously filed and had the opportunity to litigate a Motion to Value in connection to the Property. This Court found that the value of the Property is no less than $434,856.00. Debtor's claims are barred by collateral estoppel and res judicata.

### 1. Collateral Estoppel

Collateral estoppel, also known as issue preclusion, prohibits the issues adjudicated in prior litigation from being relitigated in a new matter by the same parties. In re Yellow Cab Co., 212 B.R. 154, 158 (Bankr. S.D. Cal. 1997) citing Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992).

An issue decided is given *collateral estoppel* effect if the following five elements are met:
(1) The issue sought to be precluded from relitigation is identical to that decided in a former proceeding;
(2) The issue was actually litigated in the former proceeding;
(3) It was necessarily decided in the former proceeding;
(4) The decision in the former proceeding is final and on the merits; and,
(5) The party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. In re Kelly, 182 B.R. 255, 258 (9th Cir. BAP 1995).[6] The party seeking to assert *collateral estoppel* has the burden of proving all the requisites for its application. *Id.* In re Yellow Cab Co., 212 B.R. 154, 158 (Bankr. S.D. Cal. 1997)

In this matter, as discussed above, Debtor filed his First Motion to Value on December 12, 2016. After a full trial on the merits an order was entered placing the value of the Property at no less than $434,856.00. *See* Order attached hereto as Exhibit "G". Debtor now seeks to value the Property at a lesser value and relitigate the exact issue that was previously litigated by this Court.

With regard to the elements enumerated for collateral estoppel, Creditor has met its burden. First, Debtor's Motion to Value seeks to relitigate the exact issues determined by the prior Order in connection to the First Motion to Value. The issue in the First Motion to Value is the value of the Property, which was already established. This is the exact issue that Debtor attempts to relitigate. By arguing that the value of the Property is $415,000.00, Debtor seeks to disregard the prior order entered by this Court.

Second, the value of the property was actually litigated in the prior matter. In fact, the value of the Property was the very issue to be determined in the first trial in connection to the First Motion to Value. Debtor attempts to reduce the value of the Property based on repairs necessary to the Property. Repairs were already addressed in connection to the First Motion to Value. Additionally, it was necessary to determine the value of the Property in connection to the First Motion to Value. The decision in the first trial was final and on the merits because there was an entire trial and final judgment.

Finally, the exact same two parties litigated the value of the Property in connection to the trial that was held only a few months ago.

Thus, the issue has already been decided and Debtor's Motion to Value should be denied.

**2. <u>Res judicata</u>**

Res judicata is a similar principle to collateral estoppel. It prevents the same parties from relitigating the same claim where that claim has already been tried and decided. <u>In re Yellow Cab Co.</u>, supra, at 158. For res judicata, there is a four part test:

> (1) The parties were identical in the two actions;
> (2) The prior judgment was rendered by a court of competent jurisdiction;
> (3) There was a final judgment on the merits; and,
> (4) The same cause of action was involved in both cases.
> <u>In re Yellow Cab Co.</u>, supra, at 158 citing *In re Watson,* 192 B.R. 739, 750 (9th Cir. BAP 1996), citing *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir.1992).

In this matter, as discussed above, Debtor filed his First Motion to Value on December 12, 2016. After a full trial on the merits an order was entered placing the value of the Property at no less than $434,856.00. *See* Order attached as Exhibit "G". Debtor now seeks to value the Property at a lesser value and relitigate the exact claim that was previously litigated by this Court.

With regard to the elements enumerated for res judicata, Creditor has met its burden. First, the parties are identical in this case as the prior Motion to Value. Second, the prior judgment was entered by this court, a court of competent jurisdiction. As described above there was a final judgment on the merits because this claim was fully litigated at a trial and a final judgment was entered valuing the Property in October of 2017. Finally, the same exact cause of action, the ability to avoid Creditor's lien was filly litigated in the prior case. Because Debtor does not like the outcome of the First Motion to Value Court he wants a second bite at the apple in connection to this Petition. Here, the Debtor attempts to relitigate the exact same cause of action that was previously

6

litigated and the Motion is precluded by Res Judicata. Thus, Debtor's Motion to Value should be dismissed without the necessity for an additional trial.

It is clear that under the doctrines of collateral estoppel and res judicata, Debtor is precluded from litigation this instant Motion to Value. Thus, the Motion to Value should be denied.

B. **CREDITOR'S LIEN IS SECURED BY AN INTEREST IN THE PROPERTY AND MAY NOT BE STRIPPED**

A Chapter 13 Plan may not modify the rights of Creditor because Creditor's claim is secured only by a security interest in real property that is Debtor's principal residence. 11 U.S.C. *Section* 1322(b)(2). This Court has already determined that the Property value is no less than $434,856.00. Creditor's Lien is secured by an interest in the Property, which Debtors concede is their principal residence. Chase Bank holds a senior lien encumbering the Property. Chase Bank filed a POC and provides that the total claim is $427,223.00. Thus, Creditor's lien is no unsecured, as the value of the Property exceeds the total claim of the Senior lien holder.

C. **THE PROPERTY VALUE INCREASED SINCE THE DATE THE ORDER WAS ENTERED NOT DECREASED:**

Debtor must concede that the value of the Property was found to be $434,856.00 in October of 2017. Debtor now argues that the Property has decreased in value. A review of Debtor's own appraisal provides the following statement by Debtor's Appraiser:

> **Supply (Inventory) is low and prices are climbing, with appreciation averaging about 10% per year since 2015. Cash, Conventional and FHA Financing has been common, with Sellers making few, if any, concessions.**

Debtor's Appraiser concedes that it is not likely that the value of the Property has decreased over the past several months, but has in fact increased in value, further securing Creditor's lien. Thus, if anything the value of the Property has only increased.

7

Case: 18-50604    Doc# 47    Filed: 08/02/18    Entered: 08/02/18 16:38:07    Page 7 of 8

## II.

## CONCLUSION

For each of the above reasons, Creditor requests that the Court:

1. That Debtor's Motion to Value by denied;

2. Authorize Creditor to file a further Opposition to Debtors' Motion, if Creditor deems necessary; and

3. For such other and further relief as the Court may deem just and proper.

DATED: August 2, 2018			THE LAW OFFICES OF MICHELLE GHIDOTTI

										By: /s/ Kristin Zilberstein, Esq.
										    Kristin Zilberstein, Esq.
										    Attorneys for Aspen G LLC