Kristin Zilberstein, Esq. (200041)
Jennifer R. Bergh, Esq. (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: kzilberstein@ghidottilaw.com

Attorneys for Creditor
Aspen G LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 18-50604 |
| Richard John Rivera, Jr., and Julie Gonzales-Rivera | Chapter 13 |
| Debtors. | **SUPPLEMENTAL OPPOSITION OF ASPEN G LLC TO DEBTORS' MOTION TO VALUE REAL PROPERTY, TREAT CLAIMS AS UNSECURED AND AVOID JUNIOR LIEN OF ASPEN G LLC** |
| | Honorable M. Elaine Hammond |
| | DATE: November 2, 2018 |
| | TIME: 1:30 p.m. |
| | CTRM: 3020 |
| | PLACE: U.S. Bankruptcy Court |
| | 280 South First Street |
| | San Jose, CA 95113-3099 |

//
//
//

TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HER ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, NANCY K. CURRY:

**COMES NOW** Aspen G LLC ("**Creditor**"), a secured creditor of the above-named Debtors, and files the within Opposition to the Motion ("**Opposition**") of Debtors Richard John Rivera, Jr., and Julie Gonzales-Rivera ("**Debtors**") to Value Real Property, Treat Claims as Unsecured and Avoid Junior Lien of Aspen G LLC (the "**Motion**").

## STATEMENT OF FACTS

1. On or about July 16, 2007, Debtors, for valuable consideration, made, executed and delivered to National City Bank, an Equity Reserve Agreement (the "**Note**") in the principal sum of $200,300.00 (the "**Loan**").

2. Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers the real property commonly known as 140 College Road, Watsonville, CA 95076; (the "**Property**") dated July 16, 2007 and recorded on July 24, 2007 as Document No. 2007-0040344 in the Official Records of Santa Cruz County, California, naming National City Bank as Beneficiary.

3. All right, title, and interest in the Note and Deed of Trust was thereafter assigned from PNC Bank National Association, successor by merger to National City Bank to US Mortgage Resolution LLC, as evidenced by an Assignment of Deed of Trust, recorded on May 21, 2015, in the Official Records of Santa Cruz County, California as Document No. 2015-0019767 ("**First Assignment**").

4. All right, title, and interest in the Note and Deed of Trust was thereafter assigned from US Mortgage Resolution to Trinity Financial Services LLC, as evidenced by a Corporate Assignment of Deed of Trust recorded on May 21, 2015 in the Official Records of Santa Cruz County, California as Document No. 2015-0019783 ("**Second Assignment**").

5. All right, title, and interest in the Note and Deed of Trust was assigned transferred from Trinity Financial Services to Aspen G, LLC, as evidenced by a Corporate Assignment of Deed of Trust recorded on May 21, 2015 in the Official Records of Santa Cruz County, California as Document No. 2015-0019761 ("**Third Assignment**").

6. Creditor holds all right, title and interest in the Note and Deed of Trust.

7. On or about November 3, 2016, Debtors filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Petition No.: 16-52851.

8. On or about December 12, 2016, Debtors filed a Motion to Value Collateral and Avoid Creditor's Lien.

9. Debtors represented that there was a senior lien encumbering the Property in favor of Chase Mortgage in the amount of $422,696.52.

10. Debtors asserted that the Property value was $250,000.00, based on Debtor's Declaration and the Appraisal conducted by Thomas Melville, effective July 30, 2016.

11. On March 1, 2017, Creditor filed a declaration of Eric B. Mould, and attached an Appraisal completed by Eric B. Mould.

12. On August 30, 2017, a hearing took place on the first Motion to Value.

13. On October 27, 2017 an order was entered denying Debtor's Motion to Value.

14. The Order on the Motion to Value provides that the value of the Property is $434,856.00.

15. Debtor's First Petition was thereafter dismissed.

16. On March 20, 2018, Debtor filed a Second Bankruptcy Petition, Petition No.: 18-50604 (the "**Instant Petition**")

3
Case: 18-50604    Doc# 57    Filed: 10/26/18    Entered: 10/26/18 16:44:38    Page 3 of 7

17. In connection to the Instant Petition Chase Bank filed a Proof of Claim showing a total claim in the amount of $427,223.00.

18. On July 16, 2018, Debtor filed a Second Motion to Value.

19. Debtor now argues that the value of the Property is $415,000.00 as of March 3, 2018.

20. In September of 2018, Creditor obtained an Appraisal of the Property which places the value of the Property at $461,000.00 as of the Petition date.

21. The value of the Property value exceeds the Chase Bank Claim.

# I.

# ARGUMENT

## A. CREDITOR'S LIEN IS SECURED BY AN INTEREST IN THE PROPERTY AND MAY NOT BE AVOIDED

11 U.S.C. 506(a)(1) provides that a creditor has an allowed secured claim to the extent of the creditor's interest in the estate property, and an unsecured claim to the extent its claim exceeds the value. 11 U.S.C. Section 506(d) provides that, to the extent that the lien secures a claim against the debtors and it is not an allowed secured claim, such lien is void.

11 U.S.C. 1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtor's principal residence. However, where a creditor's claim, which is seemingly secured only by an interest in the debtor's primary residence, is determined to be entirely unsecured pursuant to 11 U.S.C. *Section* 506, the lien is void. See *In re Zimmer*. 313 E.3d 1220 (9th Cir. 2002). The reasoning stands under the 11 U.S.C. 1322(b)(2) that if the Court determines that the Creditor's lien is secured by any equity "in real property that is the debtor's principal residence" then creditor's lien may not properly be stripped.

A Chapter 13 Plan may not modify the rights of Creditor because Creditor's claim is secured only by a security interest in real property that is Debtor's principal residence. 11 U.S.C. *Section* 1322(b)(2).

Creditor's Lien is secured by an interest in the Property, which Debtors concede is their principal residence. The Lien is secured because the value of the Property is no less than $461,000.00, and JP Morgan Chase Bank, National Association ("**Chase**")(the "**Senior Lien**"), has a proof of claim encumbering the Property in the amount of $427,223.00. Thus, Creditor's claim is secured by the Property valued at $461,000.00, subject to the Chase Bank's senior lien in the amount of $427,223.00. There is no less than $33,777.00 in available equity in the Property to which Creditor may attach and Creditor's Lien is secured. Thus, Creditor's lien cannot be avoided.

## II.
## **CONCLUSION**

For each of the above reasons, Creditor requests that the Court:

1. Deny Debtor's Motion to Value;
2. For such other and further relief as the Court may deem just and proper.

DATED: October 26, 2018 THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin Zilberstein, Esq.
Kristin Zilberstein, Esq.
Attorneys for Aspen G LLC

| | |
|---|---|
| 1 | Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837) |
| 2 | Kristin A. Zilberstein (SBN 200041) |
|   | Jennifer R. Bergh, Esq. (SBN 305219) |
| 3 | LAW OFFICES OF MICHELLE GHIDOTTI |
|   | 1920 Old Tustin Ave. |
| 4 | Santa Ana, CA 92705 |
|   | Ph: (949) 427-2010 |
| 5 | Fax: (949) 427-2732 |
| 6 | mghidotti@ghidottilaw.com |
| 7 | Attorney for Creditor |
|   | Aspen G LLC |
| 8 | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO.: 18-50604 |
| | ) | |
| Richard John Rivera, Jr. and Julie Gonzales-Rivera, | ) | CHAPTER 13 |
| | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| Debtors. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1

CERTIFICATE OF SERVICE

On October 26, 2018 I served the following documents described as:

- **SUPPLEMENTAL OPPOSITION OF ASPEN G LLC TO DEBTORS' MOTION TO VALUE REAL PROPERTY, TREAT CLAIMS AS UNSECURED AND AVOID JUNIOR LIEN OF ASPEN G LLC**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| | |
|---|---|
| **Debtor**<br>Richard John Rivera, Jr.<br>140 College Rd.<br>Watsonville, CA 95076 | **Chapter 13 Trustee**<br>Devin Derham-Burk<br>P.O. Box 50013<br>San Jose, CA 95150-0013 |
| **Joint Debtor**<br>Julie Gonzales-Rivera<br>140 College Rd.<br>Watsonville, CA 95076 | **Trustee's Counsel**<br>Nanette Dumas<br>P.O. Box 50013<br>San Jose, CA 95150-0013 |
| **Debtors' Counsel**<br>Aaron Lipton<br>The Law Offices of Aaron Lipton<br>7960 B Soquel Dr. #156<br>Aptos, CA 95003 | **U.S. Trustee**<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 |

__xx___ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on October 26, 2018 at Santa Ana, California

/*s / Jeremy Romero*
Jeremy Romero

2